UTICA,
Aug. 1826.

Williams
v.
Smith.

I am of opinion that this evidence was improperly admitted, and that a new trial should be granted.

New trial granted.

---

### WILLIAMS *against* SMITH.

In debt against the toll-gatherer of a turnpike company, for the penalty imposed by the 16th section of the act relative to turnpike companies, (1 R. L. 236,) for shutting the gate and taking or demanding toll, after the commissioners of inspection have ordered it to be opened; it is not a principle cause of challenge to a juror, that he is a stockholder of the company.

The company are not accountable, in any event, on account of the recovery; tho' otherwise as to a recovery upon the 9th section.

ON error from the C. P. of *Tioga.* The cause came to that court by appeal from a justice's court. The action was by *Williams* against *Smith,* for $10 debt, for the defendant's unlawfully demanding and taking toll of the plaintiff at the middle gate on the *Ithaca* and *Owego* turnpike road. In the common pleas, *Charles Pumpelly,* a stockholder of the corporation who owned the road, was drawn as a juror. He was challenged, therefore, by the plaintiff, who at the same time admitted that the defendant was able to pay the judgment claimed against him. The court overruled the challenge, and the juror was sworn, and sat and tried the cause.

It was admitted by the parties at the trial, that the road being completed, and officers appointed according to the act of *March 13th,* 1807, and the other acts, &c.; afterwards, on the *23d* day of *July,* 1824, the commissioners of inspection certified that the road was out of repair; and ordered the middle gate to be opened till further orders. Afterwards, on the *23d* day of *September,* 1824, two of the commissioners certified that they had viewed the road, found considerable repairs made, and that some remained to be done, specifying what and where, and how they should be done; and from the assurances given

After a turnpike gate has once been opened by order of the commissioners of inspection, because the road is out of repair, it cannot be lawfully shut, and toll demanded, until one of the commissioners certifies that the road is in sufficient repair. And where the certificate stated that the road was still out of repair, but that the contractors had given assurances that it should be repaired, and directed the gate keeper to shut the gate; and he did so, and demanded and received toll; *held,* that he was liable to the penalty of $10 within the 16th section of the act relative to turnpike companies, (1 R. L. 236.)

The certificate of a commissioner in due form, is conclusive; and will protect the toll-gatherer.

by the contractors that the repairs would be done, they directed the keeper of the middle gate to shut it, and keep it shut till further orders. After this certificate was given, to wit, in the spring of 1825, the plaintiff passing the gate with a waggon and two spans of horses, the defendant demanded, and the plaintiff paid 75 cents, which was according to the legal rate of toll.

The plaintiff objected that the last certificate was insufficient. The court below overruled the objection, and charged the jury in favor of the defendant. The plaintiff excepted. Verdict and judgment for the defendant.

The statute in question, is the general act relative to turnpike companies, passed *March* 13, 1807, *sess.* 30, *ch.* 38, 1 *R. L.* 228.

*E. Griffin*, for the plaintiff in error, contended that *Pumpelly* was not an impartial juror ; and that the defendant had no right, under the statute, to shut the gate, till the commissioners should certify that the road was in sufficient repair.

*H. Bleecker*, contra, cited 2 *Cowen*, 551 ; 2 *Caines*, 179 ; and 1 *Cowen*, 251.

*Curia, per* SUTHERLAND, J. *Pumpelly* was a competent juror. The company of which he was a stockholder, are not responsible, in any event, on account of a recovery against the toll gatherer, for a violation of the 16th section of the statute under which this action was brought, (1 *R. L.* 236.) For delay or extortion by the tollgatherer, under the 9th section, the company are responsible, if the penalty cannot be collected from the goods and chattels of the defendant. That provision is not incorporated into the 16th section. The tollgatherer may be imprisoned on any judgment upon the 16th section ; but not under the 9th.

The certificate of the 23d of *September*, 1824, did not authorize the tollgatherer to shut the gate and demand toll. The 16th section directs, that when a gate shall be opened, by order of the commissioners, &c. it shall be opened,

"and shall remain open, and no toll shall be demanded in passing the same, until a certificate is received by the person keeping such gate, under the hand of one of the commissioners aforesaid, that such road is in sufficient repair, and granting permission to shut such gate." The certificate must not only contain a permission to shut the gate, but it must also declare the road to be in sufficient repair. When a gate is once opened by order of the commissioners, it cannot be shut again until the road is put in sufficient repair. Whether it is in sufficient repair or not, it is undoubtedly the province of the commissioner to determine ; and if he will certify that it is, and order the gate to be shut, the tollgatherer incurs no hazard in obeying the order. But if, as in this case, it appears on the face of the certificate, that the road is not in repair, and the order to shut the gate is founded on the alleged expectation that the road will be repaired, and not on the fact that it has been, the tollgatherer is bound to know that the order is unauthorized ; and he obeys it at his peril. There is no hardship in this. He is not responsible for the truth or falsehood of the certificate. All he has to do, is to see that it assert the fact that the road is repaired ; and, on that ground, permits or orders him to shut the gate.

The judgment below must be reversed ; and a venire de novo awarded by the *Broome* common pleas.

Judgment reversed.